UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENDRA STADMIRE, et al.,

    Plaintiffs,
v.                        CASE NO: 8:10-cv-528-T-33TBM

SAWYER PROPERTY MANAGEMENT
OF FLORIDA, LLC,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Approve Settlement and Stipulation of Dismissal of FLSA Action with Prejudice (Doc. # 20), which was filed on August 11, 2010, and Plaintiffs' Verified Motion for Attorneys' Fees and Costs (the "Fee Motion" Doc. # 22), which was filed on August 27, 2010. For the reasons that follow, the Court approves the parties' settlement and grants the Fee Motion in part.

**Analysis**

In this case, Plaintiffs allege that Defendant violated the terms of the Fair Labor Standards Act. Accordingly, any settlement reached is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties in this case have reached a settlement wherein Plaintiff Kendra Stadmire will receive

$6,200, opt-in Plaintiff Karla Mayorga will receive $4,000, and Plaintiffs' counsel will receive $6,800.

Here, the Court finds it appropriate to approve the costs sought of $440, but to reduce the attorneys' fees requested by 10%. This Court is afforded broad discretion in addressing attorney's fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. Webb v. Bd. of Educ. of Dyer County, 471 U.S. 234, 242 (1985). Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Further, the fee applicant must support the number of hours worked. Id. If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The parties reached a settlement before they were

2

required to comply with the substantive terms of the Court's FLSA Scheduling Order. Plaintiffs' attorneys were not required to participate in any hearings, draft any dispositive motions, or participate in discovery.

In determining that an across-the-board fee reduction of 10% is warranted, the Court has give consideration to the following well-known factors, among others: the time and labor required, the novelty and difficulty of the questions, and the preclusion of other employment by the attorney due to the acceptance of the case.[1]

This case was neither complex nor labor-intensive. FLSA overtime cases generally require little time in Court (in the present case, no Court time was required), and it is a rare FLSA case that presents novel or difficult questions for the Court or counsel. Thus, the Court finds that the hours expended, 31.05, was excessive.

Concerning the issue of preclusion of other employment, the Court notes that this case was pending for only four months when the notice of settlement was filed. In addition,

---

[1] The Court recognizes that the present Order does not address each and every one of the factors set forth in Johnson v. Ga. Highway Exp. Inc., 488 F.2d 714, 719 (5th Cir. 1974) and Norman in detail. Nevertheless, the Court has given due consideration to each factor in reaching the decision to reduce Plaintiffs' counsels' fees.

Plaintiffs' attorneys indicate that the case consumed 31.05 hours of attorney and paralegal time. Thus, it can hardly be said that acceptance of the present case precluded Plaintiffs' attorneys from accepting other cases.

Upon due consideration, and for the reasons specified above, the Court applies an across-the-board reduction of 10% to the requested fee of $6,800, for an adjusted award of $6,120. Plaintiffs' attorneys are entitled to $440 in costs. With this modification, the Court approves the parties' settlement and will dismiss this matter with prejudice.

Accordingly, it is

**ORDERED ADJUDGED** and **DECREED** that:

(1) The parties' Joint Motion to Approve Settlement and Stipulation of Dismissal of FLSA Action with Prejudice (Doc. # 20) is **GRANTED** as specified above.

(2) The Fee Motion (Doc. # 22) is **GRANTED IN PART** as specified above.

(3) This case is **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> day of September 2010.

*(signature)*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4

Copies:

All Counsel of Record

5